M. KIRBY C. WILCOX (SB# 78576) kirbywilcox@paulhastings.com
JENNIFER A BLACKSTONE (SB# 226951) jenniferblackstone@paulhastings.com
ZACH HUTTON (SB# 234737) zachhutton@paulhastings.com
CHRISTINA F. LATTA (SB# 257315) christinalatta@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA  94105-3441
Telephone:  (415) 856-7000
Facsimile:  (415) 856-7100

Attorneys for Defendants,
ARTHUR J. GALLAGHER SERVICE CO.,
ARTHUR J. GALLAGHER & CO. and
GALLAGHER BASSETT SERVICES, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCARLET KESHISHZADEH and LISA ARCHER, as individuals, on behalf of themselves, and on behalf of all persons similarly situated,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>ARTHUR J. GALLAGHER SERVICE CO., a Delaware corporation,<br><br>　　　　　Defendant. | CASE NO. 3:09-CV-0168 LAB (RBB)<br><br>(Consolidated with Case No. 3:09-CV-1273 LAB (RBB))<br><br>**DEFENDANT ARTHUR J. GALLAGHER SERVICE CO.'S OBJECTIONS TO EVIDENCE PROFFERED BY PLAINTIFFS IN SUPPORT OF THEIR MOTION FOR CLASS CERTIFICATION AND MOTION TO STRIKE** |
| JAMES CAREY, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>ARTHUR J. GALLAGHER AND COMPANY, a Delaware Corporation, and GALLAGHER BASSETT SERVICES, INC., a Delaware Corporation, inclusive,<br><br>　　　　　Defendants. | Date:   March 15, 2010<br>Time:   11:15 a.m.<br>Ctrm:   9, 2nd Floor<br>Judge:  Hon. Larry A. Burns |

1  Defendants object to, and move to strike, Plaintiff's evidence in support of their Motion
2  for Class Certification as follows:

### I. INTRODUCTION

Plaintiffs must do more than simply assert that Rule 23 is satisfied; they must provide facts supported by admissible evidence. *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1309 (9th Cir. 1977); *McCarther v. Camelot Inn of Little Rock*, 513 F. Supp. 343, 350 n.11 (E.D. Ark. 1980). Plaintiffs Scarlet Keshishzadeh, Lisa Archer, and James Carey have not done so here.

Plaintiffs proffer (1) an inaccurate and misleading summary of Defendants' Client Service Instructions; (2) an unsigned declaration from a former claims supervisor; (3) numerous inadmissible statements from former claims representatives; (4) inadmissible deposition testimony from Plaintiffs; and (5) inadmissible purported "expert" reports from Joseph Lavitt and Miles Locker. For the reasons described below, the Court should exclude this evidence.

### II. PLAINTIFFS' SUMMARY OF CLIENT SERVICE INSTRUCTIONS IS INADMISSIBLE BECAUSE IT DOES NOT ACCURATELY DESCRIBE THE CONTENTS OF THE DOCUMENTS IT PURPORTS TO SUMMARIZE.

Federal Rule of Evidence 1006, entitled, "Summaries," provides in relevant part: "The contents of voluminous writings . . . which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation." Fed. R. Evid. 1006. A summary must be "**accurate**, authentic and properly introduced before it may be admitted in evidence." *United States v. Scales*, 594 F.2d 558, 563 (6th Cir. 1979) (emphasis added). Summaries should contain "a simple *compilation* of voluminous records." *Gomez v. Great Lakes Steel Div. Nat'l Steel Corp.*, 803 F.2d 250, 258 (6th Cir. 1986) (emphasis added).

Plaintiffs' summary of Defendants' client service instructions is inadmissible under Rule 1006 because it does not accurately describe the contents of the documents it purports to summarize. As indicated in the concurrently filed declaration of Jeff Ponta (Pona Dec. ¶¶ 11-16), the summary repeatedly misstates the contents of the Defendants' clients service instructions. Therefore, the court should exclude the summary. *Needham v. White Labs., Inc.*, 639 F.2d 394, 403 (7th Cir. 1981) ("Before a summary is admitted, the proponent must . . . show that the summary is accurate").

| Purported Evidence | Objections | Ruling |
|---|---|---|
| Exhibit 22 to the Declaration of Aparjit Bhowmik. | **Inaccurate, inadmissible summary of evidence.** (Fed. R. Evid. 1006) | Sustained: _____ <br> Overruled: _____ |

### III. PLAINTIFFS' UNSIGNED DECLARATION IS NOT AUTHENTICATED AND CONSTITUTES INADMISSIBLE HEARSAY.

Defendants object to the unsigned declaration of Kevin Roberts because it is not properly authenticated and constitutes inadmissible hearsay. Documentary evidence is not admissible unless it has been properly authenticated. Fed. R. Evid. 901(a). Furthermore, an unsigned declaration constitutes inadmissible hearsay. *Gell v. Town of Aulander*, 252 F.R.D. 297, 300-301 (E.D.N.C. 2008) (unsigned affidavit offered to prove truth of the matter asserted constitutes inadmissible hearsay).

Plaintiffs cannot excuse the absence of Roberts' signature by relying on any electronic filing rule. General Order 550 governing electronic filing procedures provides no exception to the rule that a declaration must be properly authenticated with a signature. *See* U.S.D.C. S.D. Cal. G.O. 550, § 2f, "Signatures."

Finally, the only "evidence" Plaintiffs have offered to authenticate Roberts' unsigned declaration is an e-mail purportedly from Roberts dated October 22, 2009. This e-mail however only confuses the authenticity issue further by ambiguously referring to a declaration that may or may not be the one that Plaintiffs filed with the Court. The party offering documentary evidence must, as a condition precedent to admissibility, present evidence sufficient to support a finding that a document is what its proponent claims. Fed. R. Evid. 901(a). Plaintiffs have failed to do so.

Therefore, the Court should exclude Roberts' declaration.

| Purported Evidence | Objections | Ruling |
|---|---|---|
| Kevin Roberts Declaration, Exhibit 27 to the Declaration of Aparjit Bhowmik. | **Lacks authentication.** (Fed. R. Evid. 901.) | Sustained: _____ <br> Overruled: _____ |

| Purported Evidence | Objections | Ruling |
|---|---|---|
| | Hearsay. (Fed. R. Evid. 801, 802.) | |

IV. **PLAINTIFFS' CLAIMS REPRESENTATIVE DECLARATIONS CONTAIN STATEMENTS THAT ARE IRRELEVANT, NOT SUPPORTED BY PERSONAL KNOWLEDGE, AND INADMISSIBLE LAY OPINION.**

  A. **Standards For Admissibility Of Any Testimony.**

  1. **All Statements That Fail To Pertain To Issues In This Lawsuit, As Defined By The Complaint, Are Irrelevant And Must Be Stricken.**

Only relevant testimony may be considered by the Court. Fed. R. Evid. 402. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Evidence which is not relevant is not admissible." *Id.* at 402.

  2. **All Statements Made By Declarants That Are Not Based On Personal Knowledge Or Provide Lay Opinion Testimony Must Be Stricken.**

Even if the Court determines that some portions of Plaintiffs' purported evidence are relevant, the Court should strike statements that are: (1) not based upon personal knowledge; and/or (2) lack sufficient foundation and specific facts; and/or (3) contain terms or phrases that are so vague, ambiguous, and overbroad as to render them meaningless. *See, e.g.*, Fed. R. Evid. 602; *see also United States v. Parris*, 243 F.3d 286, 288 (6th Cir. 2001) (lay opinions "'phrased in terms of inadequately explored legal criteria'" should be excluded) (citation omitted); *Gray v. Shell Oil Co.*, 469 F.2d 742, 750 (9th Cir. 1972) ("Opinion testimony, such as here offered, without a factual basis in the record, is inadmissible."); *Doninger,* 564 F.2d at 1309 (in Title VII action, motion for class certification properly denied where plaintiffs did not "submit affidavits based upon personal knowledge, outlining specific facts to support the allegations made with regard to the elements necessary for a class"); *Mitchell v. Peralta Cmty. Coll. Dist.*, 766 F. Supp. 834, 841 n.9 (N.D. Cal. 1991) ("[A] Court cannot evaluate the significance [of evidence] because [it] lacks foundation.").

B. <u>Objections To Declaration Of Leslie Johnson, Exhibit 9.</u>

| Purported Evidence | Objections | Ruling |
|---|---|---|
| ¶ 7. "The job duties described herein are all job duties I have observed other AJG Claims Representative and Senior Claims Repetitive perform on a repetitive and routine basis." | **Lacks personal knowledge.** Fed. R. Evid. 602. Declarant's statement should be excluded because (1) the "duties" as described by Declarant are infused with her own personal characterization; (2) the Declarant cannot observe another's discretionary decision-making and therefore is nothing more than speculation; and (3) the Declarant cannot purport to observe all interaction supervisors have with other Claim Representatives and Senior Claim Representatives. | Sustained: _____ <br> Overruled: _____ |
| ¶ 9. "Working under this chain of supervision, I exercised no discretion or independent judgment with respect to matters of significance." | **Inadmissible lay opinion.** Fed. R. Evid. 602, 701;. *Parris*, 243 F.3d at 288 (lay opinions "phrased in terms of inadequately explored legal criteria" should be excluded). Declarant's statement is conclusory opinion testimony and Declarant cannot testify to legal definitions of "discretion and independent judgment" and "matters of significance." | Sustained: _____ <br> Overruled: _____ |
| ¶ 11. "I never set any wages or hours for other employees, nor did I have the authority to hire or fire any employees. I also would not expect that any recommendations I might make in that regard would be followed." | **Irrelevant.** Fed. R. Evid. 401, 402. The executive exemption is not at issue in this lawsuit. <br><br> **Lacks personal knowledge.** Fed. R. Evid. 602. | Sustained: _____ <br> Overruled: _____ |
| ¶ 12. "I am not aware of any AJG policy or procedure in effect during my employment to ensure that the actual tasks I primarily performed, and not just the job title, qualified me for classification as exempt from overtime." | **Lacks personal knowledge.** Fed. R. Evid. 602. | Sustained: _____ <br> Overruled: _____ |

C. <u>Objections To Declaration Of Felicia Casey, Exhibit 13.</u>

| Purported Evidence | Objections | Ruling |
|---|---|---|
| ¶ 3. "My job duties were primarily clerical in nature in that I was responsible for routinely and repetitively processing an extremely high volume of Worker's Compensation cases. . . ." | **Inadmissible lay opinion.** Fed. R. Evid. 602, 701. Declarant's statement is conclusory opinion testimony. | Sustained: \_\_\_\_<br><br>Overruled: \_\_\_\_ |
| ¶ 6. "This labor is routine, repetitive, and performed without any judgment or independent discretion." | **Inadmissible lay opinion.** Fed. R. Evid. 602, 701; *Parris*, 243 F.3d at 288 (lay opinions "phrased in terms of inadequately explored legal criteria" should be excluded). Declarant's statement is conclusory opinion testimony, and Declarant cannot testify to legal definition of discretion and independent judgment. | Sustained: \_\_\_\_<br><br>Overruled: \_\_\_\_ |
| ¶ 7. "My job duties in performing this function do not vary from file to file because the labor is routine, repetitive, and performed without any judgment or independent discretion." | **Inadmissible lay opinion.** Fed. R. Evid. 602, 701; *United States v. Parris*, 243 F.3d at 288 (lay opinions "phrased in terms of inadequately explored legal criteria" should be excluded). Declarant's statement is conclusory opinion testimony, and Declarant cannot testify to legal definition of discretion and independent judgment. | Sustained: \_\_\_\_<br><br>Overruled: \_\_\_\_ |
| ¶ 12. "The job duties described herein are all job duties I have observed other AJG Claims Representative and Senior Claims Representatives perform on a repetitive and routine basis." | **Lacks personal knowledge.** Fed. R. Evid. 602. Declarant's statement should be excluded because (1) the "duties" as described by Declarant are infused with her own personal characterization; (2) the Declarant cannot observe another's discretionary decision-making and therefore is nothing more than speculation; and (3) the Declarant cannot purport to observe all interaction supervisors have with other Claim Representatives and Senior Claim Representatives. | Sustained: \_\_\_\_<br><br>Overruled: \_\_\_\_ |
| ¶ 13. "I have never had any authority to hire or fire authority other AJG employees, nor have I ever had any expectation that if I made a recommendation to hire or fire that AJG would have acted on such recommendation." | **Irrelevant.** Fed. R. Evid. 401, 402. The executive exemption is not at issue in this lawsuit.<br><br>**Lacks personal knowledge.** Fed. R. Evid. 602. | Sustained: \_\_\_\_<br><br>Overruled: \_\_\_\_ |

| Purported Evidence | Objections | Ruling |
|---|---|---|
| | | |

**D.   Objections To Declaration Of Colleen Hartstock, Exhibit 14.**

| Purported Evidence | Objections | Ruling |
|---|---|---|
| ¶ 3. "My job duties were primarily reduced to a clerical nature in that I functioned as a "paper-pusher," performing work in which I had no ability to exercise discretion or independent judgment with respect to any matters of significance." | **Inadmissible lay opinion.** Fed. R. Evid. 602, 701; *Parris*, 243 F.3d at 288 (lay opinions "phrased in terms of inadequately explored legal criteria" should be excluded). Declarant's statement is conclusory opinion testimony, and Declarant cannot testify to legal definitions of "discretion and independent judgment" and "matters of significance." | Sustained: _____<br>Overruled: _____ |
| ¶ 7. "My job duties in performing this function do not vary from file to file because the labor is routine, repetitive, and performed without any judgment or independent discretion." | **Inadmissible lay opinion.** Fed. R. Evid. 602, 701; *Parris*, 243 F.3d at 288 (lay opinions "phrased in terms of inadequately explored legal criteria" should be excluded). Declarant's statement is conclusory opinion testimony, and Declarant cannot testify to legal definition of discretion and independent judgment. | Sustained: _____<br>Overruled: _____ |
| ¶ 8. "My job duties in performing this function do not vary from file to file because the labor is routine, repetitive, and performed without any judgment or independent discretion." | **Inadmissible lay opinion.** Fed. R. Evid. 602, 701; *Parris*, 243 F.3d at 288 (lay opinions "phrased in terms of inadequately explored legal criteria" should be excluded). Declarant's statement is conclusory opinion testimony, and Declarant cannot testify to legal definition of discretion and independent judgment. | Sustained: _____<br>Overruled: _____ |
| ¶ 10. "Little to no discretion or independent judgment is required to perform this function because the money reserves in Worker's Compensation claims are always governed by the limitations and regulations placed over claims by the restrictions and limitations set forth in the clients' Special Handling Instructions." | **Inadmissible lay opinion.** Fed. R. Evid. 602, 701; *Parris*, 243 F.3d at 288 (lay opinions "phrased in terms of inadequately explored legal criteria" should be excluded). Declarant's statement is conclusory opinion testimony, and Declarant cannot testify to legal definition of discretion and independent judgment. | Sustained: _____<br>Overruled: _____ |
| ¶ 12. "My job duties in performing this function do not | **Inadmissible lay opinion.** Fed. R. Evid. 602, 701; *Parris*, 243 F.3d at 288 (lay | Sustained: _____ |

| Purported Evidence | Objections | Ruling |
|---|---|---|
| vary from file to file because the labor is routine, repetitive, and performed without any judgment or independent discretion." | opinions "phrased in terms of inadequately explored legal criteria" should be excluded). Declarant's statement is conclusory opinion testimony, and Declarant cannot testify to legal definition of discretion and independent judgment. | Overruled: ____ |
| ¶ 13. "The job duties described herein are all job duties I have observed other AJG Claims Representative and Senior Claims Representatives perform on a repetitive and routine basis." | **Lacks personal knowledge.** Fed. R. Evid. 602. Declarant's statement should be excluded because (1) the "duties" as described by Declarant are infused with her own personal characterization; (2) the Declarant cannot observe another's discretionary decision-making and therefore is nothing more than speculation; and (3) the Declarant cannot purport to observe all interaction supervisors have with other Claim Representatives and Senior Claim Representatives. | Sustained: ____ Overruled: ____ |

E.   **Objections To Declaration Of Colleen Rose, Exhibit 15.**

| Purported Evidence | Objections | Ruling |
|---|---|---|
| ¶ 5. "During this time, I would perform routine and clerical tasks such as sorting mail and paying incoming bills." | **Inadmissible lay opinion.** Fed. R. Evid. 602, 701. Declarant's statement is conclusory opinion testimony. | Sustained: ____ Overruled: ____ |
| ¶ 8. "All of my work was constrained by the law of Workers' Compensation, the client's Special Handling Instructions, AJGs Best Practices guidelines, and AJG's chain of supervision under which I worked. I exercised no discretion or independent judgment with respect to matters of significance." | **Inadmissible lay opinion.** Fed. R. Evid. 602, 701; *Parris*, 243 F.3d at 288 (lay opinions "phrased in terms of inadequately explored legal criteria" should be excluded). Declarant's statement is conclusory opinion testimony, and Declarant cannot testify to legal definitions of "discretion and independent judgment" and "matters of significance." | Sustained: ____ Overruled: ____ |
| ¶ 9. "The job duties described herein are all job duties I have observed other AJG Claims Representatives and Senior Claims Representatives primarily performing on a repetitive and routine basis." | **Lacks personal knowledge.** Fed. R. Evid. 602. Declarant's statement should be excluded because (1) the "duties" as described by Declarant are infused with her own personal characterization; (2) the Declarant cannot observe another's discretionary decision-making and | Sustained: ____ Overruled: ____ |

| Purported Evidence | Objections | Ruling |
|---|---|---|
| | therefore is nothing more than speculation; and (3) the Declarant cannot purport to observe all interaction supervisors have with other Claim Representatives and Senior Claim Representatives. | |
| ¶ 10. "I never set any wages or hours for other employees, nor did I have the authority to hire or fire any employees. I also would not expect that any recommendations I might make in that regard would be followed." | **Irrelevant.** Fed. R. Evid. 401, 402. The executive exemption is not at issue in this lawsuit.<br><br>**Lacks personal knowledge.** Fed. R. Evid. 602. | Sustained: _____<br><br>Overruled: _____ |
| ¶ 11. "I am not aware of any AJG policy or procedure in effect during my employment to ensure that the actual tasks I primarily performed, and not just the job title, qualified me for classification as exempt from overtime." | **Lacks personal knowledge.** Fed. R. Evid. 602. | Sustained: _____<br><br>Overruled: _____ |

F.  **Objections To Declaration Of Ofelia Ulloa, Exhibit 16.**

| Purported Evidence | Objections | Ruling |
|---|---|---|
| ¶ 3. "My job duties were primarily clerical in nature in that I was responsible for routinely and repetitively processing an extremely high volume of Worker's Compensation cases." | **Inadmissible lay opinion.** Fed. R. Evid. 602, 701. Declarant's statement is conclusory opinion testimony. | Sustained: _____<br><br>Overruled: _____ |
| ¶ 7. "This labor is routine, repetitive, and performed without any judgment or independent discretion." | **Inadmissible lay opinion.** Fed. R. Evid. 602, 701; *Parris*, 243 F.3d at 288 (lay opinions "phrased in terms of inadequately explored legal criteria" should be excluded). Declarant's statement is conclusory opinion testimony, and Declarant cannot testify to legal definition of discretion and independent judgment. | Sustained: _____<br><br>Overruled: _____ |
| ¶ 8. "My job duties in performing this function do not vary from file to file because the | **Inadmissible lay opinion.** Fed. R. Evid. 602, 701; *Parris*, 243 F.3d at 288 (lay opinions "phrased in terms of | Sustained: _____<br><br>Overruled: _____ |

| Purported Evidence | Objections | Ruling |
|---|---|---|
| labor is routine, repetitive, and performed without any judgment or independent discretion." | inadequately explored legal criteria" should be excluded). Declarant's statement is conclusory opinion testimony, and Declarant cannot testify to legal definition of discretion and independent judgment. | |
| ¶ 10. "No discretion or independent judgment is required to perform this function because the money reserves in Worker's Compensation claims are always governed by the limitations and regulations placed over claims by the restrictions and limitations set forth in the clients' Special Handling Instructions." | **Inadmissible lay opinion.** Fed. R. Evid. 602, 701; *Parris*, 243 F.3d 286, 288 (6th Cir. 2001) (lay opinions "phrased in terms of inadequately explored legal criteria" should be excluded). Declarant's statement is conclusory opinion testimony, and Declarant cannot testify to legal definition of discretion and independent judgment. | Sustained: _____ Overruled: _____ |
| ¶ 13. "The job duties described herein are all job duties I have observed other AJG Claims Representative and Senior Claims Representatives perform on a repetitive and routine basis." | **Lacks personal knowledge.** Fed. R. Evid. 602. Declarant's statement should be excluded because (1) the "duties" as described by Declarant are infused with her own personal characterization; (2) the Declarant cannot observe another's discretionary decision-making and therefore is nothing more than speculation; and (3) the Declarant cannot purport to observe all interaction supervisors have with other Claim Representatives and Senior Claim Representatives. | Sustained: _____ Overruled: _____ |
| ¶ 14. "I have never had any authority to hire or fire other AJG personnel, nor did I have any expectation that any recommendation I may make would be followed. I also never had any authority to set the wages of other employees." | **Irrelevant.** Fed. R. Evid. 401, 402. The executive exemption is not at issue in this lawsuit. **Lacks personal knowledge.** Fed. R. Evid. 602. | Sustained: _____ Overruled: _____ |
| ¶ 14. "The Claims Supervisors would grade us on the accuracy and completeness of how we filled in the various template forms that were required to be filled in for each claim. Essentially, this review of our work was to see how well we crossed the "T"s and dotted the "I"s. The Claims Supervisors also reviewed my work by | **Lacks personal knowledge.** Fed. R. Evid. 602. **Inadmissible lay opinion.** Fed. R. Evid. 602, 701. Declarant's statement is conclusory opinion testimony. | Sustained: _____ Overruled: _____ |

| Purported Evidence | Objections | Ruling |
|---|---|---|
| auditing the number of words entered and the number of key strokes used in inputting data into the templates. In assessing our work this way, the more words inputted and the more key strokes used, the higher the grade we would receive. I recall receiving grades from around 90%-98%." | | |

**G.   Objections To Deposition Excerpts from Lisa Archer.**

| Purported Evidence | Objections | Ruling |
|---|---|---|
| (203:15-25)<br>  Q. Do you have any personal knowledge of the work performed by claims representatives and senior claims representatives for Gallagher at any location other than Calabasas?<br>  A. What do you mean by the work that they performed?<br>  Q. Do you have any knowledge about the job duties of claims representatives or senior claims representatives at locations other than Calabasas?<br>  A. I would assume they have the same job duties as mine. | **Lacks personal knowledge.** Fed. R. Evid. 602. | Sustained: ____<br><br>Overruled: ____ |

**H.   Objections To Deposition Excerpts from James Carey.**

| Purported Evidence | Objections | Ruling |
|---|---|---|
| (226:2-25)<br>  Q. What did he tell you he did?<br>  A. Essentially, what I have described for you here.<br>  Q. When did you talk to Stephen Miller about that?<br>  A. Two or three months ago.<br>  Q. Who initiated the phone | **Lacks personal knowledge.** Fed. R. Evid. 602.<br><br>**Hearsay.** Fed. R. Evid. 801, 802. | Sustained: ____<br><br>Overruled: ____ |

| | Purported Evidence | Objections | Ruling |
|---|---|---|---|
| 1 | | | |
| 2 | call? | | |
| 3 | A. It's not a phone call. I talked to him in person. | | |
| 4 | Q. What did he say? | | |
| 5 | A. He said, basically, you know, working at Gallagher Bassett, you know, it's a -- per his words, a production environment. Everything is standard and routine; you do things the Gallagher Bassett way, which is, you know, keep up with your tasks, keep up with your Plans of Action, input the files, input the reserves, document the phone conversations. You know, essentially, what I've testified to today. | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | Q. Did he work at Aliso Viejo or did he work at a different branch? | | |
| 14 | A. A different branch. I am not sure which one, though. | | |
| 15 | | | |
| 16 | Q. Have you talked to him about being a witness in this lawsuit? | | |
| 17 | A. No. | | |

18
19   V.   **OBJECTIONS TO PLAINTIFFS' PURPORTED "EXPERT" TESTIMONY**

20        A.   **Objections To "Expert" Declaration of Joseph Lavitt.**

21   For a full explanation of Defendants' arguments regarding the declaration of Joseph

22   Lavitt, *see* Defendants' Motion to Strike Purported "Expert" Declarations, filed concurrently with

     these objections.

| | Purported Evidence | Objections | Ruling |
|---|---|---|---|
| 23 | | | |
| 24 | Entire Declaration | **Lacks qualification to be expert witness.** Fed. R. Evid. 702.) | Sustained: _____ |
| 25 | | | Overruled: _____ |
| 26 | | **Opinions neither relevant nor reliable.** Fed. R. Evid. 401, 402, 702; *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1316 (9th Cir. 1995) (expert testimony must be premised on sound | |
| 27 | | | |
| 28 | | | |

| Purported Evidence | Objections | Ruling |
|---|---|---|
| | principles subject to objective, independent validation). **Inadmissible Expert Legal Opinion.** Fed. R. Evid. 704; *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) ("[A]n expert witness cannot give an opinion as to her **legal conclusion, i.e., an opinion on an ultimate issue of law.**") (emphasis added); *United States v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir. 1994) ("Expert testimony is properly admissible when it serves to assist the trier of fact to understand the evidence or determine a *fact* in issue.  It is well settled, however, that . . . *[r]esolving doubtful questions of law is the distinct and exclusive province of the trial judge.*") (emphasis added; citation and internal quotation marks omitted). | |

B.     **Objections To "Expert" Declaration of Miles Locker.**

For a full explanation of Defendants' arguments regarding the declaration of Miles Locker, *see* Defendants' Motion to Strike Purported "Expert" Declarations, filed concurrently with these objections.

| Purported Evidence | Objections | Ruling |
|---|---|---|
| Entire Declaration | **Lacks qualification to be expert witness.** Fed. R. Evid. 702. **Opinions neither relevant nor reliable.** Fed. R. Evid. 401, 402, 702; *Daubert*, 43 F.3d at 1316 (expert testimony must be premised on sound principles subject to objective, independent validation). **Inadmissible Expert Legal Opinion.** (Fed. R. Evid. 704; *Hangarter*, 373 F.3d at 1016 ("[A]n expert witness cannot give an opinion as to her **legal conclusion, i.e., an opinion on an ultimate issue of law.**") (emphasis added); *Weitzenhoff*, 35 F.3d at 1287 ("Expert testimony is properly admissible when it serves to assist the trier of fact to understand the evidence | Sustained: _____ Overruled: _____ |

| Purported Evidence | Objections | Ruling |
|---|---|---|
| | or determine a *fact* in issue. It is well settled, however, that . . . *[r]esolving doubtful questions of law is the distinct and exclusive province of the trial judge*.") (emphasis added; citations and internal quotation marks omitted). | |

DATED: February 16, 2010

PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____/s/ M. Kirby C. Wilcox_____
　　　　　M. KIRBY C. WILCOX

Attorneys for Defendants
ARTHUR J. GALLAGHER SERVICE CO. and
GALLAGHER BASSETT SERVICES, INC.