| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | UNITED STATES DISTRICT COURT |
| 9 | SOUTHERN DISTRICT OF CALIFORNIA |
| 10 | |

SCARLET KESHISHZADEH and LISA ARCHER, as individuals, on behalf of themselves, and on behalf of all persons similarly situated,

Plaintiffs,

vs.

ARTHUR J. GALLAGHER SERVICE CO., a Delaware corporation,

Defendant.

---

JAMES CAREY, on behalf of himself and all others similarly situated,

Plaintiffs,

vs.

ARTHUR J. GALLAGHER AND COMPANY, a Delaware Corporation, and GALLAGHER BASSETT SERVICES, INC., a Delaware Corporation, inclusive,

Defendants.

CASE NO. 3:09-CV-0168 LAB (RBB)

(Consolidated with Case No. 3:09-CV-1273 LAB (RBB))

**ORDER:**

**(1) GRANTING CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS AND PRELIMINARY APPROVAL OF SETTLEMENT;**

**(2) APPROVING CLASS NOTICE AND RELATED MATERIALS;**

**(3) APPOINTING SETTLEMENT ADMINISTRATOR; AND**

**(4) SCHEDULING FINAL APPROVAL HEARING**

The parties have submitted a joint motion for conditional certification of a class settlement in this action, preliminary approval of the parties' proposed settlement, approval of the notice to be sent to the class about the settlement and the forms of class member settlement information and election not to participate in the settlement, approval of the claim form, and the setting of a date for the hearing on final approval of the settlement.

The Court finds the following:

1. The Court has jurisdiction over this action and the parties' proposed settlement pursuant to 28 U.S.C. sections 1132(a) and 1332(d).

2. The proposed class satisfies the requirements of a settlement class because the class members are readily ascertainable and a well-defined community of interest exists in the questions of law and fact affecting the parties.

3. The parties' Settlement Agreement (the "Settlement") (Declaration of Norman B. Blumenthal ["Blumenthal Decl."], Ex. 1) is granted preliminary approval as it meets the criteria for preliminary settlement approval. The Settlement falls within the range of possible approval as fair, adequate and reasonable, and appears to be the product of arm's-length and informed negotiations and to treat all Class Members fairly.

4. Under Rule 23(e), the Court may approve a class settlement only upon finding that it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). To determine whether a proposed settlement meets these standards, the Court must evaluate a number of factors, including:

> (1) the strength of the plaintiffs' case;
> (2) the risk, expense, complexity, and likely duration of further litigation;
> (3) the risk of maintaining class action status throughout the trial;
> (4) the amount offered in settlement;
> (5) the extent of discovery completed and the stage of the proceedings;
> (6) the experience and views of counsel;
> (7) the presence of a governmental participant; and
> (8) the reaction of the class members to the proposed settlement.

*Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003) (citations omitted); see also *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). These factors are not exclusive, and in some circumstances, one factor may deserve more weight than others or alone may even prove to be determinative. *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525-26 (C.D. Cal. 2004). In addition, the settlement may not be the product of collusion among the negotiating parties. *Ficalora v. Lockheed California Co.*, 751 F.2d 995, 997 (9th Cir. 1985); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). Given that some of these factors cannot be fully assessed until the Court conducts the Final Approval Hearing, a full fairness analysis is unnecessary at this stage. *Singer v. Becton Dickinson and Co.*, 2009 WL 4809646, at *7 (S.D. Cal. 2009) (citation and quotations omitted). "Rather, at the preliminary approval stage, the Court need only review the parties' proposed settlement to determine whether it is within the permissible range of possible judicial approval and thus, whether the notice to the class and the scheduling of the formal fairness hearing is appropriate." Id. (citations and quotations omitted). All of the factors considered for class settlement approval support the preliminary approval of the Settlement:

    a.    **The Strength of the Plaintiffs' Case**. Both the California Labor Code and the FLSA contains various exemptions from their requirements that employers pay their employees time and a half for work in excess of forty (40) hours per week, including the "administrative exemption." Cal. Labor Code §§ 510, 515; *In re Farmers Ins. Exch., Claims Representatives' Overtime Pay Litig.*, 481 F.3d 1119, 1127 (9th Cir. 2007) (citing 29 U.S.C. § 213(a)(1)). Here, one of the defenses to the claims alleged was that class members were barred from recovery by this exemption. Plaintiffs characterize this as a "serious threat[]" to their claims, and note that other courts have found claims adjuster employees exempt from overtime pay. *In re Framers Ins.*, 466 F.3d 853, 855 (9th Cir. 2006). In fact, the Code of Federal Regulations provides that the administrative exemption generally applies to insurance claims adjustors. 29 C.F.R. § 541.203(a). Given

the above uncertainties, this factor weighs in favor of granting preliminary approval of the settlement.

      b.      **The Risk, Expense, Complexity, and Likely Duration of Further Litigation**. "In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 526. Here, the parties have indicated a clear intention and desire to resolve this matter and clearly, continued litigation would have proved expensive for both sides. The parties acknowledge that litigating and trying this action may have led to possible appeals. This factor weighs in favor of preliminary approval.

      c.      **The Risk of Maintaining Class Action Status**. Plaintiffs also argue that there was a "significant risk" that they would not have been able to maintain class certification through trial. Class certification in this action was hotly disputed and continues to be disputed by Defendants. This factor weighs in favor of preliminary approval of the settlement.

      d.      **The Amount Offered in Settlement**. When analyzing the amount offered in settlement, the Court should examine "the complete package taken as a whole, rather than the individual component parts" to determine whether the proposal is fair. *Officers for Justice*, 688 F.2d at 628. "[I]t is well-settled law that a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery that might be available to class members at trial." *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 527 (citing *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998)). "[T]he very essence of a settlement is compromise." *Linney*, 151 F.3d at 1242 (citation omitted). Here, Plaintiffs' damage expert, DM&A, reviewed payroll and time recording data and calculated the total maximum potential class damages as $15,205, 859.17. The settlement of $3.9 million therefore represents 25.64% of the subject damage claim as calculated by

- 3 -

Plaintiff's expert. The settlement amount is non-reversionary. A settlement of this amount falls within the range of similar settlements in the Ninth Circuit. Accordingly, the Court finds the amount offered in settlement weighs in favor of granting preliminary approval of the settlement.

e. **The Extent of Discovery Completed and the Stage of the Proceedings**. The proposed settlement in this case was reached at a relatively advanced stage in the proceedings, after nearly all discovery was completed. Class Counsel has successfully moved for class certification and was actively engaged in expert discovery and final preparation for trial at the time the settlement was reached. Plaintiffs have adequately demonstrated that the agreement to settle did not occur until Class Counsel possessed sufficient information to evaluate the case and make an informed decision about settlement. Accordingly, the Court finds that this factor supports preliminary approval of the settlement.

f. **The Experience and Views of Counsel**. Both Class Counsel and Defendants' counsel are of the opinion that the settlement is fair, reasonable, and adequate and is in the best interests of the class. The settlement was negotiated and approved by experienced counsel on both sides of the litigation. Accordingly, this factor weighs in final of preliminary approval.

g. **The Presence of a Governmental Participant**. This factor does not weigh in the Court's analysis as there is no governmental participant in this action.

h. **The Reaction of the Class Members to the Proposed Settlement**. The reaction of the class members to the proposed settlement cannot be evaluated at this time. This factor will be appropriate for consideration at the hearing for final approval of the settlement.

5. The parties' proposed notice plan is constitutionally sound because individual

- 4 -

notices will be mailed to all class members whose identities are known to the parties, and such notice is the best notice practicable. The parties' proposed Notice of Proposed Settlement of Class Action, Conditional Certification of Settlement Class, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval ("Class Notice") (Settlement Agreement, Exh. A), and proposed forms of Claim Form and Election Not to Participate in Settlement (*id*., Exhs. B and C)) (collectively the "Class Notice Packet") are sufficient to inform Class Members of the terms of the Settlement, their rights under the Settlement, their rights to object to the settlement, their right to receive a Settlement Share or elect not to participate in the Settlement, and the processes for doing so, and the date and location of the final approval hearing, and therefore are all approved.

6. The following class of persons are certified as the Class in this action solely for the purposes of the Settlement:

> All persons who work or worked for Gallagher Bassett Services, Inc. in California, at any time from January 28, 2005 through the date of preliminary court approval of the Settlement, as a Claim Representative, Senior Claim Representative, Claims Adjustor, Claims Adjustor Senior, and/or Claims Specialist.

For purposes of settlement only, the Court conditionally certifies the above Class and finds that the prerequisites to certification under Rule 23 of the Federal Rules of Civil Procedure as satisfied as follows:

   a. **Numerosity.** According to the Parties, the Class is comprised of approximately 575 Settlement Class Members. This number is sufficient to make joinder impracticable. The Court finds that the number of Settlement Class Members satisfies the numerosity requirement for settlement purposes only.

   b. **Commonality.** The Court finds for settlement purposes only that commonality exists for the Settlement Class because the Settlement Class Members are all classified as "exempt" employees and share common claims.

- 5 -

c. **Typicality**.  The court finds for settlement purposes only that typicality exists for the Settlement Class because Plaintiffs and Settlement Class Members are all classified as "exempt" employees and share common claims.

d. **Adequate Representation**.  The Court finds for settlement purposes only that the named plaintiffs, Scarlet Keshishzadeh, Lisa Archer, and James Carey, have and will fairly and adequately protect the interests of the class, as required under Rule 23(a)(4), and do not have any conflicts of interest with the absent class members, and accordingly finds that they are suitable class representatives.  Additionally, after reviewing the qualifications of the applicants for appointment of class counsel, Blumenthal, Nordrehaug & Bhowmik and James Hawkins APLC, the Court finds that counsel satisfy the adequacy requirements of Rule 23(g)(1) and (4).

e. **Predominance**.  The court finds for settlement purposes only that common questions predominate for the Settlement Class because the Settlement Class Members are all classified as "exempt" employees and share common claims.

f. **Superiority**.  The court also finds for settlement purposes only that the Settlement Class satisfies the superiority requirement of Rule 23(b)(3) because a class settlement would enable Settlement Class Members' collectively to resolve their common claims.

7. Any Class Member who submits a timely and valid Claim Form within 60 days after the date the Settlement Administrator mails the Class Notice Packet will receive a Settlement Share.

8. Any Class Member who wishes to comment on or object to the Settlement or Class Counsel's Fees and Expenses Payment, or who elects not to participate in the Settlement has until 45 days after the mailing of the Class Notice Packet to submit his or her comment, objection, or Election Not to Participate in Settlement pursuant to the procedures set forth in the Class Notice.

- 6 -

Class Counsel must file their application for the Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment prior to the mailing of the Class Notice Packet, and the application will be heard at the Final Approval Hearing

9. Gilardi & Co. is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Settlement.

10. The Class Notice Packet will be disseminated according to the notice plan described in the Settlement Agreement and substantially in the form submitted by the parties. Proof of distribution of notice will be filed by the parties at or prior to the final approval hearing.

11. Gallagher is directed to provide the Settlement Administrator the Class Data as specified by the Settlement Agreement no later than 14 days after the date of this order.

12. The Settlement Administrator is directed to mail the approved Class Notice Packet by first-class mail to the Class Members no later than 7 days after receipt of the Class Data from Gallagher.

13. Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.* ("CAFA"), not later than ten days after the Parties' joint motion seeking preliminary approval of the Settlement was filed in court, Gallagher served upon the Attorney General of the United States and the appropriate state official of each state in which a Class Member resides a notice of the Settlement consisting of: a copy of the pleadings in this action; a notice of the scheduled judicial hearings in this action; copies of the Settlement and Class Notice Packet; and the names of Class Members who reside in each state and the estimated proportionate share of the Class Members in each state compared to the entire Settlement. The notice of Settlement also invited comment on the Settlement. Accordingly, the Court finds that Gallagher has discharged its obligations under CAFA to provide notice to the appropriate federal and state officials.

14. A final hearing will be held on March 28, 2011, at 11:45 a.m., to determine whether the Settlement should be granted final approval as fair, reasonable, and adequate as to the Class Members. The Court will hear all evidence and argument necessary to evaluate the Settlement, and will consider the Class Representatives' request for Class Representative Payment and Class Counsel's request for the Class Counsel Fees Payment and the Class Counsel

1  Litigation Expenses Payment.  Class Members and their counsel may support or oppose the
2  Settlement and the motion for awards of the Class Representative Payment and the Class Counsel
3  Fees Payment and Class Counsel Litigation Expenses Payment, if they so desire, as set forth in
4  the Class Notice.

5  15.    Any Class Member may appear at the final approval hearing in person or by his or
6  her own attorney, and show cause why the Court should not approve the Settlement, or object to
7  the motion for awards of the Class Representative Payment and the Class Counsel Fees Payment
8  and Class Counsel Litigation Expenses Payment.  For any comments or objections to be
9  considered at the hearing, the Class Member must file comments with the Clerk of Court
10 indicating briefly the nature of the Class Member's comments, support or objection.  Comments
11 or objections to the Settlement or to the Class Counsel Fees Payment and Class Counsel
12 Litigation Expenses Payment must be filed with the Court, and mailed to Class Counsel, not later
13 than 45 days after mailing of the Class Notice Packet.

14 16.    The Court reserves the right to continue the date of the final approval hearing
15 without further notice to Class Members.  The Court retains jurisdiction to consider all further
16 applications arising out of or in connection with the Settlement.

17 DATED: October 29, 2010

_____
HON. LARRY ALAN BURNS
UNITED STATES DISTRICT JUDGE

- 8 -