| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| SOUTHERN DISTRICT OF CALIFORNIA | |

SCARLET KESHISHZADEH and LISA ARCHER, as individuals, on behalf of themselves, and on behalf of all persons similarly situated,

    Plaintiffs,

vs.

ARTHUR J. GALLAGHER SERVICE CO., a Delaware corporation,

    Defendant.

CASE NO. 3:09-CV-0168 LAB (RBB)

(Consolidated with Case No. 3:09-CV-1273 LAB (RBB))

**ORDER:**

**(1) CONFIRMING CERTIFICATION OF CLASS ACTION;**

**(2) GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT; AND**

**(3) ENTERING FINAL JUDGMENT**

JAMES CAREY, on behalf of himself and all others similarly situated,

    Plaintiffs,

vs.

ARTHUR J. GALLAGHER AND COMPANY, a Delaware Corporation, and GALLAGHER BASSETT SERVICES, INC., a Delaware Corporation, inclusive,

    Defendants.

1     On March 28, 2011, a hearing was held on the joint motion of plaintiffs Scarlet Keshishzadeh, Lisa Archer, and James Carey ("Plaintiffs") and defendants Arthur J. Gallagher Service Co., Arthur J. Gallagher & Co., and Gallagher Bassett Services, Inc. ("collectively "Gallagher") for final approval of their class settlement (the "Settlement") and payments to the Labor and Workforce Development Agency and the Settlement Administrator.  Norman B. Blumenthal of Blumenthal, Nordrehaug & Bhowmik and James R. Hawkins of James Hawkins APLC appeared for Plaintiffs; and M. Kirby C. Wilcox and Zach P. Hutton of Paul, Hastings, Janofsky & Walker LLP appeared for Gallagher.

The Parties have submitted their Settlement, which this Court preliminarily approved by its October 29, 2010, order (Docket No.114) (the "Preliminary Approval Order").  In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to comment on or object to it or to exclude themselves from its provisions.  Class Members have also been provided with a claim form.

Having received and considered the Settlement, the supporting papers filed by the Parties, and the evidence and argument received by the Court before entering the Preliminary Approval Order and at the final approval hearing, the Court grants final approval of the Settlement, enters this Final Approval Order, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1.   Except as otherwise specified herein, the Court for purposes of this Final Approval Order adopts all defined terms set forth in the Settlement.

2.   The Court has jurisdiction over this action and the Settlement pursuant to pursuant to 28 U.S.C. sections 1132(a) and 1332(d).

3.   Pursuant to this Preliminary Approval Order, a Class Notice Packet consisting of a Notice of Proposed Settlement of Class Action, Conditional Certification of Settlement Class, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval; a Claim Form; and a form of Election Not to Participate in Settlement were sent to each class member by first-class mail.  These papers informed Class Members of the terms of the Settlement, their right to receive a Settlement Share, their right to comment on or object to the Settlement and/or Class

- 1 -

1  Counsel's Fees and Expense Payment, their right to elect not to participate in the Settlement and
2  pursue their own remedies, and their right to appear in person or by counsel at the final approval
3  hearing and be heard regarding approval of the Settlement. Adequate periods of time were
4  provided by each of these procedures.

5      4.    The Court finds and determines that this notice procedure afforded adequate
6  protections to class members and provides the basis for the Court to make an informed decision
7  regarding approval of the settlement based on the responses of class members. The Court finds
8  and determines that the notice provided in this case was the best notice practicable, which
9  satisfied the requirements of law and due process.

10      5.    Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.* ("CAFA"), not
11  later than ten days after the Parties' joint motion seeking preliminary approval of the Settlement
12  was filed in court, Gallagher served upon the Attorney General of the United States and the
13  appropriate state official of each state in which a Class Member resides a notice of the Settlement
14  consisting of: a copy of the pleadings in this action; a notice of the scheduled judicial hearings in
15  this action; copies of the Settlement and Class Notice Packet; and the names of Class Members
16  who reside in each state and the estimated proportionate share of the Class Members in each state
17  compared to the entire Settlement. The notice of Settlement also invited comment on the
18  Settlement. This Final Approval Order is not being issued earlier than ninety days after the later
19  of the dates on which the appropriate federal and state officials were served with the notice of the
20  Settlement. Accordingly, the Court finds that Gallagher has discharged its obligations under
21  CAFA to provide notice to the appropriate federal and state officials, and that 28 U.S.C. section
22  1715(e) has no applicability to the Settlement.

23      6.    No Class Members filed written objections to the proposed settlement as part of
24  this notice process or stated an intent to appear at the final approval hearing. In addition, no Class
25  Members opted-out of the Settlement.

26      7.    For the reasons stated in the Preliminary Approval Order, the Court finds and
27  determines that the proposed Settlement Class, as defined in the definitions section of the
28  Settlement, meets all of the legal requirements for class certification, and it is hereby ordered that

the Settlement Class is finally approved and certified as a class for purposes of settlement of this action.

8. The Court further finds and determines that the terms of the Settlement are fair, reasonable and adequate to the class and to each class member and that the class members who have not opted out will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

9. The Court finds and determines that the Settlement Shares to be paid to the Claimants as provided for by the Settlement are fair and reasonable. The Court hereby gives final approval to and orders the payment of those amounts be made to the Claimants out of the Net Settlement Amount in accordance with the Settlement. The Court also approves the payment of Settlement Shares to the five Class Members who submitted claims within one month of the deadline for doing so.

10. The Court finds and determines that payment to the California Labor and Workforce Development Agency of $100,000 as its share of the settlement of civil penalties in this case is fair, reasonable, and appropriate. The Court hereby gives final approval to and orders that the payment of that amount be paid out of the Gross Settlement Amount in accordance with the Settlement.

11. The Court finds and determines that the fees and expenses of Gilardi & Co. in administrating the settlement, in the amount of $21,947.52, are fair and reasonable. The Court hereby gives final approval to and orders that the payment of that amount be paid out of the Gross Settlement Amount in accordance with the Settlement.

12. The Court determines by separate order the request by Plaintiffs and Class Counsel to the Class Representative Payments, Class Counsel Fees Payment, and Class Counsel Litigation Expenses Payment.

13. Nothing in this order shall preclude any action to enforce the Parties' obligations under the Settlement or under this order, including the requirement that Gallagher make payments to the Claimants in accordance with the Settlement.

14. Upon completion of administration of the settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the Parties.

15. By operation of the entry of this Final Approval Order and pursuant to the Settlement, Plaintiffs are permanently barred from prosecuting against Gallagher any of the Plaintiffs' Released Claims; Participating Class Members are permanently barred from prosecuting against Gallagher any of the Class's Released Claims, and Class Counsel are permanently barred from prosecuting against Gallagher any of the Class Counsel's Released Claims.

16. If, for any reason, the Settlement ultimately does not become Final (as defined by the Settlement), this Final Approval Order will be vacated; the Parties will return to their respective positions in this action as those positions existed immediately before the Parties executed the Settlement; and nothing stated in the Settlement or any other papers filed with this Court in connection with the Settlement will be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action

17. The Parties entered into the Settlement solely for the purpose of compromising and settling disputed claims. Gallagher in no way admits any violation of law or any liability whatsoever to Plaintiffs and the Class, individually or collectively, all such liability being expressly denied by Gallagher.

18. By means of this Final Approval Order, this Court hereby enters final judgment in this action, as defined in Rule 58(a)(1), Federal Rules of Civil Procedure.

19. Without affecting the finality of this Final Approval Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

20. The Parties are hereby ordered to comply with the terms of the Settlement.

///

///

- 4 -

1    21.     This action is dismissed with prejudice, each side to bear its own costs and
2  attorneys' fees except as provided by the Settlement.

4  DATED: 4-4-11

                                    _____
                                            LARRY A. BURNS
                                       UNITED STATE DISTRICT JUDGE